IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T BANK, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KINETIC CERAMICS, LLC, | : | |
| ROBERT FRANTZ, AND | : | |
| SYGMUS, INC., | : | No. 22-1148 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                       **August 10, 2022**

Before the Court is Plaintiff T Bank's motion for default judgment against Defendants Kinetic Ceramics, LLC ("Kinetic LLC"), Robert Frantz, and Sygmus, Inc. ("Sygmus") (collectively, "Defendants"). T Bank filed this action seeking repayment of a loan it extended to Kinetic LLC in 2016. The Complaint asserts claims for breach of contract and replevin against Kinetic LLC and claims for breach of guarantee against Frantz and Sygmus. It further alleges that as of March 25, 2022, Defendants owed T Bank $425,184.57 plus interest, late fees, and attorney's fees and costs.

The Defendants were served and failed to timely respond to the Complaint. T Bank subsequently requested and obtained an entry of default against the Defendants. T Bank now moves for default judgment against all Defendants. For the reasons that follow, T Bank's motion for default judgment will be granted.

**I.    BACKGROUND**

On March 25, 20212, T Bank filed a Complaint against Defendants, alleging that in 2016, T Bank loaned Kinetic LLC $798,000.00. (Compl. ¶ 7.) To secure its obligations under this loan, Kinetic LLC entered into a security agreement granting T Bank a secured interest in its equipment,

1

inventory, accounts, and a number of U.S. Patents and Trademarks, among other items, as well as a loan agreement confirming its obligations and commitments to T Bank. (*Id.* ¶¶ 9-10.) T Bank also entered into unconditional guarantees with Sygmus and Frantz, who T Bank alleges is the only member of Kinetic LLC, to further guarantee Kinetic LLC's debt owed to T Bank. (*Id.* ¶¶ 2, 11.)

T Bank alleges that Kinetic LLC defaulted under the terms of the loan when it failed to make a regularly scheduled payment on December 5, 2021.[1] (*Id.* ¶ 16.) On January 28, 2022, T Bank notified Kinetic LLC of the missed payment and demanded it cure the default by February 7, 2022. (*Id.* ¶ 17.) Kinetic LLC failed to do so and remains in default. (*Id.* ¶ 18.) T Bank further alleges that Frantz and Sygmus breached the terms of their agreements with T Bank by failing to cure Kinetic LLC's default. (*Id.* ¶¶ 19-20.)

Defendants were served on April 25, 2022 and their counsel was subsequently served on April 26, 2022, but they have not entered appearances in this action. (ECF Nos. 2-5.) After Defendants failed to timely answer or otherwise respond to the Complaint, T Bank filed a request for an entry of default on May 20, 2022. (ECF Nos. 6-7.) The Court entered default against Defendants pursuant to Fed. R Civ. P. 55(a) on May 23, 2022. T Bank filed this motion for default judgment against all Defendants on July 15, 2022. (ECF No. 11.).

T Bank attached to its motion for default judgment an affidavit from William Woodard, T Bank's Executive Vice President and Chief Credit Officer, which includes a detailed breakdown of its requested relief. (ECF No. 11, Ex. B.) As of June 30, 2022, T Bank asserts it is owed $462,043.84, with a per diem interest of $71.56 accruing thereafter. (*Id.*)

---

[1] The agreements provide that failure to make a payment constitutes default, and upon default, T Bank may accelerate the balance due under the loan. (*See* Compl. ¶¶ 14-15.)

## II. STANDARD OF REVIEW

After an entry of default is obtained, Fed. R. Civ. P. 55(b)(2) provides that a district court may enter default judgment against a properly served defendant who fails to a file a timely responsive pleading. *Anchorage Assocs. v. V.I. Bd. of Tax Revenue*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). An entry of default, however, does not automatically entitle the non-defaulting party to a default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Rather, the decision to enter a default judgment is "left primarily to the discretion of the district court." *Id.* at 1181.

## III. DISCUSSION

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." *Mount Nittany Med. Ctr. v. Nittany Urgent Care, P.C.*, Civ. A. No. 11-622, 2011 WL 5869812, at *1 (M.D. Pa. Nov. 22, 2011) (citing *Anchorage Assocs.*, 922 F.2d at 177 n.9).

All three factors weigh in favor of granting a default judgment against Defendants. First, a plaintiff will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the "plaintiff will be left with no other means to vindicate his or her claims." *United States v. Vo*, Civ. A. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016).

Here, Defendants did not timely respond to T Bank's claims. Additionally, Kinetic LLC first defaulted on its loan repayment obligations in December of 2021 and has not made any attempts to repay T Bank since then, despite T Bank's efforts to reach out to Defendants to cure the breach prior to filing its Complaint. (*See* Compl. ¶¶ 17-20.) Absent default judgment, Defendants' refusal to engage portends an indefinite delay. *See Vo*, 2016 WL 475313, at *3.

Second, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, the Court is unable to consider whether Defendants have any litigable, meritorious defenses because they never answered or responded to the Complaint or otherwise participated in this litigation. *See Vo*, 2016 WL 475313, at *3.

Third, a defendant's "failure to answer or otherwise respond to the Complaint, without providing any reasonable explanation, permits the Court to draw an inference of culpability on the its part." *United States v. Cruz*, Civ. A No. 20-3903, 2021 WL 1884862, at *2 (D.N.J. May 11, 2021). Here, Defendants have not answered or responded to the Complaint, allowing the court to infer culpability on their part. *See Local Union No. 98 Int'l Bhd. of Elec. Workers v. Chester Cnty. Elec., Inc.*, Civ. A. No. 12-3440, 2013 WL 5567446, at *2 (E.D. Pa. Oct. 9, 2013) ("[W]hile Defendant[s have] failed to engage in this litigation, the docket indicates that [they were] properly served. Therefore, the fault rests with Defendant[s] for [their] failure to participate in this litigation.")

The Court will enter default judgment accordingly.

4

## IV.     CONCLUSION

For the reasons stated above, T Bank's motion for default judgment against Defendants will be granted in the amount of $462,043.84 along with interest at the per diem rate of $71.56 accruing after June 30, 2022. An Order consistent with this Memorandum will be docketed separately.